## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JULIO CHACON GONZALES,

     Plaintiff,

v.                                No. CV 13-0443 MCA/CEG

CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICER
(NAME UNKNOWN),

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. In the order (Doc. 4) granting Plaintiff leave to proceed under 28 U.S.C. § 1915, the Court required him to make a statutory initial partial payment towards the filing fee. *See* § 1915(b)(1). On further review, the initial payment will be waived. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that an Albuquerque Police officer entered onto Plaintiff's place of business, searched his office, seized records, and arrested him, all without a warrant or probable cause.  Plaintiff remains incarcerated and has lost his business as a result of the alleged illegal search and seizure.  The complaint seeks compensatory and punitive damages for the loss of Plaintiff's business and properties.

Plaintiff's claim of illegal search and seizure appears to call into question the constitutionality of the criminal conviction by which Plaintiff is incarcerated.  The claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  As the Court of Appeals for the Tenth Circuit stated in a recent order and judgment analyzing similar allegations,

> "[Plaintiff's] conviction aris[es] from police officer's violations of Plaintiff's Fourth . . . Amendment[ rights] on grounds that officers lacked reasonable suspicion unsupported by probable cause on which to detain and question Plaintiff, . . . and that "[t]he Constitutional violations were central to the state criminal conviction." . . . Based upon his own contention that the [officer]'s alleged misconduct directly led to his conviction, his § 1983 claims against [the officer] are barred by *Heck* unless his conviction is set aside.

*Esquibel v. Williamson*, 421 F. App'x 813, 817 (10th Cir. 2010) (quoting an appellate brief).  Here, Plaintiff does not allege that his conviction has been set aside, *see id.* at 817; *Heck v. Humphrey*, 512 U.S. at 486-87, and his allegations of absence of probable cause for the search of his business and records fail to state a claim cognizable under § 1983.  The complaint, therefore, will be dismissed without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that

a plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that the statutory initial partial payment towards the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Civil Rights Complaint is DISMISSED without prejudice, and judgment will be entered.


UNITED STATES DISTRICT JUDGE